[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff, the Bank of New York, moves to strike the defendant, CT Page 7990 Gerhard P. Hutter's special defense and counterclaim/setoff claims. The Bank of New York moves to strike on the following grounds: (1) Hutter lacks standing; (2) the special defense and counterclaim/setoff claims fail to arise out of the making, validity or enforcement of the note or mortgage; (3) the Bank of New York is a holder in due course; (4) Hutter only alleges legal conclusions; (5) Hutter fails to allege any facts; (6) Hutter fails to allege the required elements for agency; and (7) punitive damages are not recoverable against a principal pursuant to common law or CUTPA (Connecticut Unfair Trade Practices Act).
The court grants the motion to strike the special defense on the ground that Hutter failed to allege facts in support of his special defense. "The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely. It does not enable the defendants to incorporate the factual claims of the plaintiff without stating them. . . . Thus, [where] no information is provided as to what actions or lack thereof the defendants rely on, a motion to strike is properly granted." (Citations omitted; internal quotation marks omitted.) First Nationwide Mortgage Corp. v. Murphy, Superior Court, judicial district of New London at New London, Docket No. 550981 (November 19, 1999, Martin, J.). Here, Hutter does not allege any facts in support of his special defense. Accordingly, the court grants the motion to strike the special defense.
The court grants the motion to strike the first counterclaim/setoff claim on the ground that it does not pertain to the making, validity or enforcement of the note or mortgage that the Bank of New York seeks to foreclose. "In foreclosure actions, counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) PNC Bankv. Slodowitz, Superior Court, judicial district of Waterbury, Docket No. 137057 (July 19, 1999, West, J.). "The making of the note and the . . . subsequent default is the transaction at issue." (Internal quotation marks omitted.) Bank United of Texas v. Delvecchio, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058535 (April 2, 1998, Curran, J.). Here, Hutter alleges in the first counterclaim/setoff claim a breach of fiduciary duty. Hutter alleges that the breach arose from convincing Hutter to transfer his interest in the subject property to the defendant, Eugene Chimblo, and from misrepresenting the amount of money he would receive from a limited partnership. Hutter's allegations do not pertain to the making, validity or enforcement of the note or mortgage that the Bank of New York seeks to CT Page 7991 foreclose in the present action. Accordingly, the court grants the motion to strike the first counterclaim/setoff claim as to the Bank of New York.
The court grants the motion to strike the second counterclaim/setoff claim on the ground that it does not pertain to the making, validity or enforcement of the note or mortgage that the Bank of New York seeks to foreclose. In the second counterclaim/setoff claim, Hutter alleges that the Bank of New York's aforementioned breach of fiduciary duty constitutes a violation of CUTPA. The CUTPA claim does not pertain to the making, validity or enforcement of the note or mortgage for the reasons set forth with respect to the first counterclaim/setoff claim. Accordingly, the court grants the motion to strike the second counterclaim/setoff claim as to the Bank of New York.
The court denies the motion to strike the prayers for relief in punitive damages and recission of contract. Hutter still has cross claims against the defendants, Chimblo and National Funding, Mortgage Banker, (National Funding) for breach of fiduciary duty and for violation of CUTPA[1]. Hutter's cross claims against Chimblo and National Funding allow prayers for relief in punitive damages and recission of contract. Accordingly, the court denies the motion to strike the prayers for relief in punitive damages and recission of contract.
In summary with respect to the Bank of New York, the court grants the motion to strike the special defense, first counterclaim/setoff claim and second counterclaim/setoff claim. The court further denies the motion to strike the prayers for relief in punitive damages and recission of contract.
RODRIGUEZ, J.